UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF WELLSTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV234 CDP |
| | ) | |
| SBC COMMUNICATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This class-action case is before me on plaintiffs' motion to remand. Defendants removed the action, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs have filed affidavits and a stipulation establishing their position that any retrospective relief they are seeking does not exceed the amount in controversy requirement of $75,000. Defendants contend that because the plaintiff cities are seeking injunctive relief that would require defendants to pay taxes in the future, the amount in controversy requirement is met. After carefully reviewing the parties' briefs and the controlling authority, I conclude that the value of any future injunctive relief is entirely speculative, so the amount in controversy is not met and this Court lacks subject-matter jurisdiction.

## Background

The two named plaintiffs filed a class-action petition in state court on behalf of over 200 Missouri cities and political subdivisions seeking declaratory and injunctive relief, an accounting, and back taxes, interest and penalties from several telephone service providers. The plaintiff cities have adopted ordinances that impose a business or occupational license tax on any person engaged in the business of supplying or furnishing telephone service or who is otherwise engaged in a telephone business in the city or political subdivision. Plaintiffs request a declaration that the defendants supply or furnish telephone service within the meaning of the plaintiffs' license tax ordinances and that their gross receipts are subject to payment under the ordinances and have been for the past five years; an accounting of all money owed under the ordinances; a judgment in favor of each plaintiff and against each defendant for the license tax, interest and penalty due each plaintiff from each defendant; an injunction restraining defendants from violating the ordinances; and attorneys' fees. The plaintiffs' prayer for relief explicitly states that the judgment entered in each plaintiff's favor "not exceed a total of $75,000.00, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332."

In an earlier order I indicated that I would remand the case to state court so long as plaintiffs provided sufficient stipulations indicating that they would neither seek nor accept damages or judgment in excess of $75,000, exclusive of interest and costs. Plaintiffs complied with this order. Defendants argue, however, that plaintiffs' filings are insufficient because the amount in controversy must include the value of any future taxes that defendants might be required to pay as a result of the grant of prospective injunctive relief.

## Discussion

The value of injunctive relief must be considered in determining the amount in controversy in a diversity case. In cases involving contract or insurance disputes, which are cited by defendant, this rule is usually simple to apply. In a tax case such as this, however, the cases relied on by defendant simply do not apply. Beginning with the Supreme Court's decision in Healy v. Ratta, the rule has emerged that in tax cases the amount in controversy is the cost of paying the tax at the time of the litigation, because it cannot be assumed that the plaintiff will continue to enforce the tax, that the tax law will remain in effect in the future, or that the defendant will continue to be subject to the tax. See Wright, Miller & Cooper, 14B Federal Practice and Procedure §3708; Healy v. Ratta, 292 U.S. 263 (1934).

In Healy a traveling vacuum cleaner salesman challenged enforcement of

New Hampshire's "Hawkers and Peddler's" license fee or tax. The Supreme Court held that the amount in controversy was not met, rejecting the lower courts' valuation methods that considered the capitalized value of the tax and the value of the plaintiff's right to do business in the state. See also M&M Transport Co. v. City of New York, 186 F.2d 157 (2nd Cir. 1950)(suit was to enjoin collection of taxes already accrued, which totaled less than amount in controversy); Alterman Transport Lines, Inc. v. Public Service Commission of Tennessee, 259 F.Supp 486 (M.D. Tenn. 1966), aff'd 386 U.S. 262 (1967) (motor carriers' challenge of state tax should be measured by amount of tax owed and so did not meet amount in controversy); Greater Hartford Free Bridge Association v. Greater Hartford Bridge Authority, 172 F.Supp 244 (D. Conn. 1958), aff'd 265 F.3d 656 (2nd Cir. 1959)(amount of tolls expected to be paid by each plaintiff during the period of litigation is the measure of amount in controversy).

While there appear to be no recent cases discussing this issue, there are also no cases that indicate any question about the continuing vitality of Healy. It is therefore the controlling precedent. Additionally, the reasoning makes sense. Although defendants argue that if plaintiffs prevail defendants will undoubtedly be required to pay some tax in the future, that is not a foregone conclusion. For example, during the course of this litigation the cities could decide to change their

ordinances, the defendants could decide to no longer do business in these cities, or the state legislature could determine that such ordinances should no longer be allowed in Missouri. These are not farfetched possibilities, and they were among the possibilities that lead the Healy court to reach the conclusion it did:

> The bill of complaint does not allege, nor can it be assumed, that the appellant will act to compel compliance with the statue by appellee in future years for which no tax is yet payable, or that the appellee will seek to continue his business in Manchester indefinitely in the future, or that the taxing act will be continued on the statute books, unmodified either as to the amount of the tax or the features to which the appellee objects.

292 U.S. at 270-271.

Because plaintiffs have stipulated that they are not seeking nor will they accept any amount of retrospective relief in excess of $75,000, exclusive of interest or costs, the amount in controversy requirement for diversity jurisdiction is not met, and I will remand this case to the Circuit Court of St. Louis County from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [#20] is granted, and the Clerk of Court is directed to remand this case to the Circuit Court of St. Louis County from which it was removed.

**IT IS FURTHER ORDERED** that all other pending motions are denied without prejudice to the parties' right to reraise them, if appropriate, in state court.

```
                                        _____
                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE
```

Dated this 23rd day of May, 2005.